1  **Fricker & Mellen & Associates**
   Timothy J. Fricker, Esq. 183309
2  James G. Mellen, Esq. 122035
   Tribune Tower
3  409 13th Street, 17th Floor
   Oakland, CA 94612
4  Tel: (510) 663-8484
   Fax: (510) 663-0639
5
   Attorneys for Plaintiff
6  Pamela Turner

E-filing

FILED
AUG 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

BZ

PAMELA TURNER,

    Plaintiff,

v.

NEW UNITED MOTOR MANUFACTURING, INC.'S SHORT AND LONG TERM DISABILITY PLAN,

    Defendant.

C 07 4304

Case No.

**COMPLAINT**

### I. JURISDICTION

1. This is a suit to enforce plaintiff's rights to declaratory, injunctive and monetary relief brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC 1001, *et seq.*

### II. PARTIES

2. Plaintiff PAMELA TURNER was at all times relevant hereto an employee of NEW UNITED MOTOR MANUFACTURING, INC., (hereinafter referred to as NEW UNITED), in the City of Fremont, California. As such, plaintiff was eligible to be, and was in fact, a participant in the NEW UNITED MOTOR MANUFACTURING, INC.'S SHORT AND LONG TERM

**TURNER COMPLAINT**        Page 1

DISABILITY PLAN (hereafter referred to as PLAN), pursuant to ERISA.

3. NEW UNITED is the Plan Sponsor and Administrator of the PLAN. The PLAN is insured by LIFE INSURANCE COMPANY OF NORTH AMERICA (CIGNA).

4. The PLAN is an employee welfare benefit plan pursuant to ERISA section 502, 29 USC 1002.

### III. FACTS

5. Plaintiff was employed by the employer and was a participant in good standing in the PLAN until April 24, 2005.

6. Plaintiff became disabled on or about April 24, 2005. She suffers from severe irritable bowel syndrome with serious complications from the prescribed medications, which are both aggravated by severe anxiety and depression. Her disability has at all times since met the definition of disability in the PLAN.

7. On October 4, 2006, the PLAN, through the insurer, informed plaintiff that it would deny disability benefits under the PLAN.

8. Plaintiff timely appealed the denial of benefits. On March 14, 2007, the PLAN, through the insurer, informed plaintiff that her appeal was denied.

9. Plaintiff has performed all acts necessary to maintain her status as a participant in the PLAN. She timely filed all applications for benefits and appeals of denial of benefits. She provided all the necessary information to the PLAN and its representatives. Plaintiff exhausted all available administrative remedies under the PLAN.

### IV. CLAIM FOR RELIEF

10. Plaintiff hereby realleges and incorporates by reference every allegation of paragraphs 1 though 9 above, inclusive.

11. ERISA Section 502(a)(1)(B), 29 USC 1132(a)(1)(B), provides a private right of action for ERISA plan participants to recover benefits due and to clarify rights to future benefits under the terms of the PLAN.

1     12.    As a direct and proximate consequence of defendant's failure and refusal to pay benefits under the PLAN, plaintiff has been deprived of amounts to be determined and interest thereon.

### V. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for:

1.     A judgment and order that defendant pay the benefits due plaintiff now and in the future and interest thereon.

2.     An order that defendant pay plaintiff his attorney fees and other costs.

3.     Such order and further relief as the Court may deem just and proper.

Date: August 20, 2007.

                                                **Fricker & Mellen & Associates**

                                                By: _____
                                                          Timothy J. Fricker, Esq.
                                                          Attorneys for Plaintiff
                                                           PAMELA TURNER

**TURNER COMPLAINT**                                Page 3