ADRIENNE C. PUBLICOVER (SBN 161432)
SEAN P. NALTY (SBN 121253)
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Tel:   (415) 433-0990
Fax:   (415) 434-1370

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.'S
SHORT AND LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW UNITED MOTOR MANUFACTURING, INC.'S SHORT AND LONG TERM DISABILITY PLAN,<br><br>　　　　Defendants. | CASE NO.   CV07-04304 WHA<br><br>**NEW UNITED MOTOR MANUFACTURING, INC.'S SHORT AND LONG TERM DISABILITY PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed  :   August 21, 2007 |

　　　　Defendant New United Motor Manufacturing Inc.'s Short and Long Term Disability Plan ("Defendant") hereby answers the Complaint ("the Complaint") filed by Plaintiff Pamela Turner ("Plaintiff") as follows:

　　　　1.　　Answering the allegations in paragraph 1 of the Complaint, Defendant admits that this matter is governed by the Employee Retirement Income Security Act ("ERISA") and that there is federal question jurisdiction under ERISA. Except as so admitted, Defendant denies the allegations in paragraph 1 of the Complaint.

　　　　2.　　Answering the allegations in paragraph 2 of the Complaint, Defendant admits that Plaintiff was employed by the New United Motor Manufacturing Inc. ("NUMMI") and, by virtue of

this employment, qualified to participate in the New United Motor Manufacturing, Inc's short and long term disability plan ("the Plan"). Defendant further admits that the Plan is governed by ERISA. Except as so admitted, Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3. Answering the allegations in paragraph 3 of the Complaint, Defendant admits that NUMMI is the sponsor of the Plan. Life Insurance Company of North America ("LINA") is the claim administrator under the Plan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that NUMMI may administer other aspects of the Plan that are not administered by LINA, and on this basis, denies the allegation that NUMMI is the administrator of the Plan. Defendant admits that LINA issued the group disability policy that provides disability insurance to eligible members of the Plan. Except as so admitted, Defendant denies the remaining allegations in paragraph 3 of the Complaint.

4. Defendant admits that the Plan is governed by ERISA.

5. Answering the allegations in paragraph 5 of the Complaint, Defendant admits that documents in the claim file pertaining to Plaintiff's claim for disability benefits that is the subject of this action ("the Claim File") state that she was employed by NUMMI prior to April 24, 2005 and was eligible for coverage under the Plan by virtue of this employment. Except as so admitted, Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Answering the allegations in paragraph 7 of the Complaint, Defendant admits that LINA advised Plaintiff that LINA was unable to approve her claim for benefits in a letter dated October 4, 2006. Except as so admitted, Defendant denies the allegations in paragraph 7 of the Complaint.

8. Answering the allegations in paragraph 8 of the Complaint, Defendant admits that Plaintiff appealed the denial of her claim for disability benefits. Defendant further admits that LINA, in a letter dated March 14, 2007, advised Plaintiff that it was upholding the decision to deny her claim. Except as so admitted, Defendant denies the allegations in paragraph 8 of the Complaint.

9. Answering the allegations in paragraph 9 of the Complaint, Defendant admits that Plaintiff has exhausted her administrative remedies. Except as so admitted, Defendant denies the allegations in paragraph 9 of the Complaint.

## CLAIM FOR RELIEF

10. Answering the allegations in paragraph 10 of the Complaint, Defendant incorporates by reference, as if they were fully set forth below, Defendant's responses to paragraphs 1 through 9 of the Complaint as stated above.

11. Answering the allegations in paragraph 11 of the Complaint, Defendant is only required to respond to factual allegations, not to allegations concerning Plaintiff's application and interpretation of the law. Defendant admits that this matter is governed by ERISA. Defendant denies the factual allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, Defendant alleges that Plaintiff has failed to state a claim for relief against Defendant.

2. As a second affirmative defense, Defendant alleges that Plaintiff, under the terms of the Policy and under ERISA, is required to provide proof of disability. The Administrative Record, evaluated in its entirety, establishes that Plaintiff has not met this requirement.

3. As a third affirmative defense, Defendant denies that Plaintiff is entitled to benefits under the Policy. However, in the event that Plaintiff is found to be entitled to benefits under the Policy, Defendant alleges that the amount owed to Plaintiff must be reduced by the amount in benefits/income received by Plaintiff from those sources of income and or benefits specified in the Policy. This includes, but not limited to, benefits received from Social Security, California State Disability, Worker's Compensation, and or any other benefit specified in the Policy.

4. As a fourth affirmative defense, Defendant alleges that LINA, as the Claim Fiduciary, is the designated fiduciary for the review of claims for benefits under the Plan to the extent that such benefits are funded by policies of insurance issued by LINA . LINA issued the Policy that funded

1  disability insurance benefits for the Plan. LINA, as the Claim Fiduciary, has the authority, in its
2  discretion, to interpret the terms of the Plan, including the Policy; to decide questions of eligibility
3  for coverage or benefits under the Plan; and to make any related findings of fact. All decisions made
4  by LINA are final and binding on Participants and Beneficiaries of the Plan to the full extent
5  permitted by law. Accordingly, the abuse of discretion standard applies in this action. LINA has
6  not and did not abuse this discretion.

7      WHEREFORE, Defendant prays for judgment in its favor as follows:
8      1.    That Plaintiff takes nothing by reason of the Complaint on file herein;
9      2.    That Defendant be awarded its costs and expenses incurred in this action;
10     3.    That Defendant be awarded its attorney's fees incurred in this action; and
11     4.    That Defendant recovers such other relief as the Court may deem just and proper.

13 Dated: September 25, 2007

    WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP

By: _____
    ADRIENNE C. PUBLICOVER
    SEAN P. NALTY
    Attorneys for Defendant
    NEW UNITED MOTOR
    MANUFACTURING, INC.'S SHORT AND
    LONG TERM DISABILITY PLAN

**CERTIFICATE OF SERVICE**
*Pamela Turner v. New United Motor Manufacturing, Inc., et al.*
*USDC NDCA Case #CV07-04304 WHA*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**NEW UNITED MOTOR MANUFACTURING, INC.'S SHORT AND LONG TERM DISABILITY PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

☐ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

☐ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

☐ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Timothy J. Fricker, Esq.
James G. Mellen, Esq.
FRICKER & MELLEN & ASSOCIATES
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA 94612
Tel:     (510) 663-8484
Fax:    (510) 663-0639

*Attorney for Plaintiff*
*PAMELA TURNER*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED September 18, 2007 at San Francisco, California.

_____
Nancy Li