1  FRICKER & MELLEN & ASSOCIATES
   Timothy J. Fricker, Esq. (SBN 193309)
2  James G. Mellen, Esq. (SBN 122035)
   Tribune Tower
3  409 13th Street, 17th Floor
   Oakland, CA 94612
4  Tel:  (510) 663-8484
   Fax:  (510) 663-0639
5
   Attorneys for Plaintiff
6  PAMELA TURNER

7

8  WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
9  Adrienne C. Publicover, Esq. (SBN 161432)
   Sean P. Nalty, Esq. (SBN 121253)
10 525 Market Street, 17th Floor
   San Francisco, California 94105
11 Tel:  (415) 433-0990
   Fax:  (415) 434-1370
12
   Attorneys for Defendant
13 NEW UNITED MOTOR MANUFACTURING, INC.'S
   SHORT AND LONG TERM DISABILITY PLAN

14

15

16                UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18

19 | PAMELA TURNER,                    ) CASE NO.   CV07-04304 WHA
                                       )
20 |         Plaintiff,                 ) **JOINT CASE MANAGEMENT**
                                       ) **CONFERENCE STATEMENT**
21 |    v.                              )
                                       ) Date      : November 29, 2007
22 | NEW UNITED MOTOR MANUFACTURING,    ) Time      : 11:00 a.m.
     INC.'S SHORT AND LONG TERM        ) Courtroom : 9
23 | DISABILITY PLAN,                   ) Floor     : 19
                                       ) Before    : Honorable William Alsup
24 |         Defendants.                )
                                       ) Action Filed : August 21, 2007

25

26

27         JOINT CASE MANAGEMENT CONFERENCE STATEMENT
28 USDC NDCA Case #CV07-04304 WHA
   312724.1

Plaintiff Pamela Turner ("plaintiff") and defendant New United Motor Manufacturing, Inc.'s (New United) Short and Long Term Disability Plans (hereinafter collectively referred to as the "Plan") jointly submit this Case Management Statement, pursuant to this Court's standing order and the Local Rules.

### A.
### Brief Statement of Facts.

This is an action for recovery of benefits claimed under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001 et seq. Plaintiff was an employee of New United and was a participant in the Plan. Life Insurance Company of North America ("LINA") issued a group disability insurance policy ("the Policy") that provided disability insurance coverage to participants in the Plan. LINA determined that plaintiff was not eligible for disability benefits under the Policy and so advised plaintiff on September 7, 2006 (Short Term Disability) and October 4, 2006 (Long Term Disability). Plaintiff appealed the decisions, which were upheld by LINA on February 9, 2007, and March 14, 2007 respectively. Plaintiff has exhausted her administrative remedies and now seeks unpaid benefits and attorneys' fees in this action.

### B.
### Matters Addressed Pursuant to Standing Order.

**1. Trial and Discovery.**

The parties anticipate that this matter will be resolved on cross-motions for summary judgment. If a trial is needed, it likely will be a bench trial of one court day on the administrative record, without live testimony. Neither party anticipates discovery at this time. However, if the case is not settled at mediation, Plaintiff anticipates propounding extensive discovery to determine the extent of any and all possible conflicts of interest.

Defendant contends that discovery is not appropriate in this matter. Defendant also contends that, if a de novo standard applies, cross-motions for judgment are an appropriate alternative to trial.

**2. Jurisdiction and parties.**

This court has original jurisdiction of this entire action pursuant to 28 U.S.C. Section 1331, in that this action arises under federal law (ERISA). New United has been served and has answered.

**3. Factual and legal bases for claims and defenses.**

Plaintiff contends that she became, and remains, totally disabled from severe Irritable Bowel Syndrome in April 2005. Plaintiff contends that her claim for disability benefits under the Plan was improperly denied.

Defendant contends that it properly reviewed plaintiff's claim and that its decision to deny benefits was correct.

**4. Factual and legal issues genuinely in dispute.**

The standard of review.

The proper application of the terms and conditions of the Policy.

The appropriate offsets to be applied in the event that Plaintiff is awarded benefits.

**5. Issues that can be narrowed or disposed of on motion.**

The parties agree that this matter likely may be resolved on cross-motions for summary judgment, which may be bifurcated so that the appropriate standard of review is addressed and established first.

**6. Motions anticipated.**

The parties anticipate filing cross-motions for summary judgment. If plaintiff decides to seek discovery, it is likely that the plan will oppose such discovery, so that a motion to compel or to permit discovery will be necessary.

**7. Relief sought.**

Plaintiff seeks recovery of all past due benefits. There are no counterclaims.

\\\

\\\

8. **Discovery and alternatives to discovery.**

   a. **Plaintiff**

   On October 26, 2007, defendant made its initial disclosures which allegedly included a "bates stamped" copy of CIGNA's claim file and the operative Plan Plaintiff's disclosures will include information related to the amount of benefits to which she claims entitlement, including, if applicable, any verification of other income benefits (offsets) such as Social Security Disability or worker's compensation benefits. A discovery order is not necessary at this time.

   b. **Defendant**

   On October 26, 2007, Defendant produced a copy of the applicable policy and the administrative record under Federal Rule of Civil Procedure 26. Defendant has not received a Rule 26 disclosure from plaintiff.

9. **Referral to arbitration, a master, or Magistrate Judge for trial, or to Judicial Panel on Multi District Litigation.**

   The parties do not believe that such a referral is appropriate.

10. **Trial.**

    See item 1 above.

11. **Related cases.**

    None.

12. **Class action certification.**

    Not applicable.

13. **Discovery cutoff, pretrial conference, trial dates.**

    If plaintiff decides to seek discovery, it is likely that a motion to compel will be necessary. Therefore, the discovery cutoff must include additional time to allow for such a motion to be brought. Plaintiff anticipates that any discovery permitted on motion will be completed within three months after the mediation.

---

3
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
USDC NDCA Case #CV07-04304 WHA
312724.1

The parties suggest that the court defer setting dates for a pretrial conference and trial until after the hearing on cross-motions for summary judgment, which are likely to obviate the necessity of a trial.

**14. Prospects for settlement.**

    **a. Plaintiff**

Plaintiff wants a to court sponsored mediation to occur early next year.

    **b. Defendant**

Judging from plaintiff's initial settlement demand, Defendant is not hopeful that this matter will settle through mediation. Defendant believes that, if there is any chance of settling this matter, private mediation is more likely to be successful.

**15. Other matters.**

None at this time.

Dated: November 20, 2007　　　　　　　　　　　FRICKER & MELLEN & ASSOCIATES

　　　　　　　　　　　　　　　　　　　　　　By:　　　*/s/ Timothy J. Fricker*
　　　　　　　　　　　　　　　　　　　　　　　　　Timothy J. Fricker
　　　　　　　　　　　　　　　　　　　　　　　　　James G. Mellen
　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　　PAMELA TURNER

Dated: November 20, 2007　　　　　　　　　　　WILSON, ELSER, MOSKOWITZ,
　　　　　　　　　　　　　　　　　　　　　　　　　　EDELMAN & DICKER, LLP

　　　　　　　　　　　　　　　　　　　　　　By:　　　*/s/ Sean P. Nalty*
　　　　　　　　　　　　　　　　　　　　　　　　　Adrienne C. Publicover
　　　　　　　　　　　　　　　　　　　　　　　　　Sean P. Nalty
　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　　NEW UNITED MOTOR
　　　　　　　　　　　　　　　　　　　　　　　　　MANUFACTURING, INC.'S SHORT AND
　　　　　　　　　　　　　　　　　　　　　　　　　LONG TERM DISABILITY PLAN

# CERTIFICATE OF SERVICE

*Pamela Turner v. New United Motor Manufacturing, Inc.'s Short and Long Term Disability Plan*
*USDC NDCA Case #CV07-04304 WHA*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_☐_ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Timothy J. Fricker, Esq.
James G. Mellen, Esq.
FRICKER & MELLEN & ASSOCIATES
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA 94612
Tel:   (510) 663-8484
Fax:   (510) 663-0639

*Attorney for Plaintiff*
*PAMELA TURNER*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **November 20, 2007** at San Francisco, California.

_____
Nancy Li